IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SUBPOENA ISSUED PURSUANT TO | ) | Case No. MS-07-6236-EJL-MHW |
| THE DIGITAL MILLENNIUM | ) | |
| COPYRIGHT ACT TO: | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| 43SB.COM, LLC | ) | |
| _____ | ) | |

Currently pending before the Court is 43SB.COM, LLC's Motion to Quash (Docket No. 1). The District Court has referred this action to the undersigned for all pretrial matters. *Order*, p. 1 (Docket No. 2). Accordingly, having carefully reviewed the record, and otherwise being fully advised, the following Report and Recommendation is entered pursuant to 28 U.S.C. § 636(b).

## **REPORT**

### **I.**
### **Background**

Sometime prior to April 6, 2007, an anonymous individual with the username of "Tom Paine," posted comments at the website, www.43rdstateblues.com ("Website"), regarding Melaleuca, Inc. ("Melaleuca") and its CEO, Frank L. VanderSloot. *Response to Motion to*

**Report and Recommendation - Page 1**

*Quash*, p. 2 (Docket No. 5); *Reply to Response Brief*, p. 10 (Docket No. 10).  On April 6, 2007, Melaleuca, through its General Counsel, Ken Sheppard, sent a letter to an individual Melaleuca believed administered the Website demanding that the materials be removed from the Website. *Response to Motion to Quash*, p. 2, Ex. A ("Sheppard Letter") (Docket No 5-2).  Subsequently, the Sheppard Letter was posted on the Website, by an anonymous individual with the username "d2," without Sheppard or Melaleuca's permission or consent.  *Response to Motion to Quash*, p. 2 (Docket No. 5); *Reply to Response Brief*, p. 11 (Docket No. 10).   Melaleuca seeks to obtain the identity of the individual who posted the Sheppard Letter "so that it might seek redress for copyright infringement."  *Response to Motion to Quash*, p. 2 (Docket No. 5).

On April 26, 2007, Melaleuca sent a letter to the service provider that hosted the Website, A Small Orange Software ("A Small Orange"), and pursuant to the Digital Millennium Copyright Act of 1998 ("DMCA"), demanded that A Small Orange take down the Sheppard Letter ("Take-Down Notice").  *Id.* at 2, Ex. C (Docket No. 5-4).  A Small Orange responded via e-mail that it had removed the Sheppard Letter from the Website but did not know the identity of the owner of the Website.  *Id.* at 2, Ex. D (Docket No. 5-5).

On May 1, 2007, Melaleuca sent a pre-litigation subpoena to A Small Orange.  *Id.* at 3, Ex. E (Docket No. 5-6).  A Small Orange responded again via e-mail stating "we don't have direct contact information for the owner of the account, just the reseller.  That is listed as Darryl Davidson, who may or may not be directly involved with the site."  *Id.* at 3, Ex. F (Docket No. 5-7).

On May 14, 2007, Melaleuca sent to Darryl Davidson a pre-litigation subpoena and a copy of the Take-Down Notice that had been sent to A Small Orange.  *Id.* at 3, Ex. G (Docket

**Report and Recommendation - Page 2**

No. 5-8). Counsel for 43SB.COM, L.L.C. ("43SB"), the owner of the Website, responded and asked that all future communications regarding the Website be directed to his office. *Id.* at 3, Ex. H (Docket No. 5-9).

On June 7, 2007, Melaleuca caused a pre-litigation subpoena to be served upon counsel for 43SB ("Subpoena") (Docket No. 5-10). The Subpoena, issued pursuant to the DMCA, demanded the production of:

> all server logs, IP address logs, account information, user IDs., subscriber IDs, screen name logs, e-mails, correspondence or other material, whether physically or electronically stored, that may serve to identify, i.e., provide real names and addresses for, those persons who posted the infringing content identified in the Take-Down Notice, including but not limited to those persons using or associated with the screen names 'd2' or 'Tom Paine' as found at the website 43rdstateblues.com and as more specifically set forth in the Take Down Notice.

Subpoena, p. 1 (Docket No. 5-10).

On June 25, 2007, 43SB filed the instant Motion to Quash (Docket No. 1). In its motion, 43SB argues that the Court should quash the Subpoena, because: (1) the Subpoena and Take Down Notice do not comply with the DMCA, 17 U.S.C. § 512(c)(3); (2) Melaleuca cannot establish a prima facie copyright infringement claim; and (3) enforcing the Subpoena would violate the First Amendment. *Motion to Quash Subpoena*, pp. 1-2 (Docket No. 1). At the oral argument on October 30, 2007, 43SB conceded a few arguments and focused on two main issues: (1) whether the Sheppard Letter is a copyrightable work; and (2) that the subpoena should be quashed *at least* with respect to the individual with the username "Tom Paine."

**Report and Recommendation - Page 3**

## II.
## Discussion

The Digital Millennium Copyright Act, enacted in 1998, seeks to both limit the liability of service providers for "passive" or "automatic" actions and to provide assistance to copyright owners in protecting their copyrights. *ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir. 2001).

Subsection (h) of the DMCA permits a copyright owner to obtain and serve a subpoena on a service provider seeking the identity of a person alleged to be infringing the owner's copyright. 17 U.S.C § 512(h). The subpoena is issued by the clerk of any United States District Court upon request by the copyright owner containing the proposed subpoena, "a copy of a notification described in subsection (c)(3)(A)," and a sworn declaration ensuring that the subpoena is solely to obtain the identity of an alleged infringer, which information will be used only to protect rights to the copyright. *Id*. § 512(h)(2). The subpoena orders the recipient to "expeditiously disclose" information sufficient to identify the alleged infringer. *Id*. § 512(h)(3). Additionally, the clerk shall "expeditiously issue" the subpoena if it is in proper form, the declaration is properly executed, and the notification satisfies subsection (c)(3)(A). *Id*. § 512(h)(4).

In order to obtain a subpoena, copyright holder must plead a prima facie case of copyright infringement, that is: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *In re: Verizon Internet Servs., Inc*., 257 F. Supp. 2d 244, 263 (D.D.C. 2003).

The Copyright Act of 1976 provides that the subject matter of a copyright must be an original work of authorship that is fixed in a tangible medium of expression. 17 U.S.C. § 102(a).

**Report and Recommendation - Page 4**

To qualify for copyright protection, a work must be original to the author. *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 345 (1991). Original means that the work was independently created by the author and possesses some minimal degree of creativity. *Id*. The required level of creativity is extremely low; the work must "possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Id*. (internal citations omitted). Copyright protection does not extend to facts or ideas. *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991).

     43SB argues that the Sheppard Letter falls into the category of works described in 17 U.S.C. § 102(b), which excludes certain subject matters from copyright protection. The subject matters included in this subsection are: "...any idea, procedure, process, system, method of operation, concept, principle, or discovery..." 17 U.S.C. § 102(b). 43SB asserts that the Sheppard Letter is essentially a work detailing a process for the owner of the Website to follow in taking down remarks made about Melaleuca and its CEO. It relies on the cases *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473 (7th Cir. 1996) and *Nat'l Nonwoven, Inc. v. Consumer Products Enterprises, Inc.*, 397 F. Supp. 2d 245 (D. Mass. 2005) in support of its argument.

     *Publications Int'l Ltd. v. Meredith Corp.* stands for the proposition that instructions, such as recipes, without expressive elaboration are not entitled to copyright protection as they are merely statements of facts. 88 F.3d 473, 480 (7th Cir. 1996). The court in that case also recognized that a recipe which merely describes a procedure is excluded from copyright protection as either a procedure or process under 17 U.S.C. § 102(b). *Id*. at 481. *See also Nat'l Nonwoven, Inc. v. Consumer Products Enterprises, Inc.*, 397 F. Supp. 2d 245, 256-57 (D. Mass. 2005) (finding that instructions for boiling wool were "purely functional" and that there were

**Report and Recommendation - Page 5**

only a limited number of verbal formulations available to convey the relevant information and therefore there had been no infringement, also noting that a process itself cannot be protected by copyright).  43SB argues that the Sheppard Letter is simply detailing a process or instruction that would elicit a response from the Website administrator, specifically the removal of comments about Melaleuca and Mr. VanderSloot from the Website, and therefore is not copyrightable.

Under the DMCA, the copyright holder need only plead a prima facie case of copyright infringement.  *In re: Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 263 (D.D.C. 2003).  A certificate of registration of a copyright constitutes prima facie evidence of the validity of the copyright and facts stated in the certificate.  17 U.S.C. § 410(c).  Melaleuca has registered the Sheppard Letter with the Copyright Office.  *See Supplemental Filing Re: Copyright Registration Certificate for Sheppard Letter*, Ex. 1 (Docket No. 18-2).  This is prima facie evidence that the Sheppard Letter is copyrighted and satisfies the first prong of demonstrating a prima facie case of copyright infringement.  43SB has valid arguments and enforcing this subpoena pre-litigation may have far-reaching consequences, therefore some preliminary examination of the potential claim is necessary.  However, the Court will not go into an in-depth analysis of the merits of a copyright infringement claim in determining whether to quash this subpoena.  It is sufficient in this instance that Melaleuca has registered the Sheppard Letter with the Copyright Office.

The party seeking a subpoena must also make a prima facie showing of copying of constituent elements of the work that are original.  *See In re: Verizon Servs., Inc.*, 257 F. Supp. 2d 244, 263 (D.D.C. 2003).  The entire Sheppard Letter was posted on the Website by user "d2." *Response to Motion to Quash*, Ex. A (Docket No. 5-2); *Reply to Response Brief*, Ex. B (Docket No. 10-2).  This suffices to show a copying of constituent elements of the work that are original

by user "d2."  Therefore, the Court finds that all the elements necessary for a subpoena to issue under 17 U.S.C. § 512(h), including the notification requirements of section 512(c)(3)(A) and the prima facie case, have been satisfied for user "d2."  The Court recommends that the motion to quash with respect to "d2" be denied.

As to "Tom Paine," Melaleuca argues that there is a possible nexus between "Tom Paine" and "d2," based on the inferences that could be made from the facts that the Sheppard Letter was sent to the apparent Website administrator regarding comments posted by "Tom Paine" and thereafter, the Sheppard Letter was posted by "d2."  Melaleuca asserts there may be some type of vicarious or joint liability at issue in this case.  Melaleuca also points out that if the motion to quash is granted, it will have to go through expensive discovery in order to obtain the identity of "Tom Paine" and notes that the DMCA was designed to prevent just that.

The Court does not find that there to be any connection between user "Tom Paine" and the alleged infringement that took place.  The Sheppard Letter was sent to the apparent Website administrator in response to comments made by user "Tom Paine," the Sheppard Letter was then posted by user "d2."  There is no connection between the posting of the Sheppard Letter and user "Tom Paine."  *See Reply to Response Brief*, Ex. B (Docket No. 10-1).  The fact that the Sheppard Letter was sent to the apparent owner of the Website because of the comments posted by user "Tom Paine" is not sufficient to tie "Tom Paine" to the actual posting of the Sheppard Letter on the Website, *i.e.*, the alleged infringement.  Therefore, the Court recommends that the motion to quash with respect to "Tom Paine" be granted.

//

//

## **RECOMMENDATION**

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1)  43SB.COM, LLC's Motion to Quash Subpoena (Docket No. 1), filed June 26, 2007, be **GRANTED IN PART and DENIED IN PART.**

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: November 16, 2007

_____
Honorable Mikel H. Williams
Chief United States Magistrate Judge